IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 10-CR-30042-MJR |
| FREDERICK L. WEBSTER, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

On April 22, 2011, Frederick L. Webster was sentenced to concurrent terms of 180 months in prison on Counts 1-4 of an indictment charging him with distribution of, and possession with the intent to distribute, cocaine base. On August 11, 2011, Defendant Webster filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010) (Doc. 80). That Act requires the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated July 20, 2011, and August 12, 2011 (Docs. 83, 85), this Court appointed the Federal Public Defender's Office to represent Defendant Webster on this motion and stayed action on the motion until November 1, 2011. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Webster's behalf in mid September 2011 (Doc. 86).

On November 18, 2011, Mr. Schultz moved to withdraw from the case (i.e., cease

1

his representation of Defendant on this motion), having "determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 87). According to Schultz (Doc. 86, pp. 1-2):

> 4. On April 22, 2011, the Court determined the Defendant's offense level to be 23 and his criminal history category to be VI. The Defendant's guideline range on Counts 1, 2, and 3 was between 92 and 115 months and 120 months on Count 4. The Defendant's relevant conduct was determined to be 89.8 grams of cocaine base. *See* Doc. 74, Sealed Addendum to PSR. The Court imposed an above guideline sentence of 180 months on all counts to be served concurrently.
>
> 5. The 2011 retroactive amendment to the crack cocaine guideline does not change the Defendant's offense level. It remains at 23. Because the Defendant's guideline range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A).
>
> 6. United States Probation Officer Linda Fletcher has also concluded that the Defendant is ineligible for a reduction because his guideline range is unaffected by the 2011 retroactive amendment to the crack cocaine guideline.

Simply put, Schultz asks the Court to let him out of the case because (a) his research discloses that Webster is *not eligible* for the reduction at issue, and (b) Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

Defendant Webster was given until December 9, 2011, to show cause and offer a valid reason why attorney Schultz's motion to withdraw (Doc. 87) should not be granted and his pro se motion to reduce sentence (Doc. 80) be denied. Webster did not file a response.

Webster is ineligible for a reduction because the retroactive amendment does not

2

have the effect of lowering her Guideline range. *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009).

IT IS THEREFORE ORDERED that Attorney Schultz's motion to withdraw from this case (Doc. 87) is GRANTED.

IT IS FURTHER ORDERED that, for the reasons given, Defendant Frederick L. Webster's pro se motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 80) is DENIED.

IT IS SO ORDERED.

DATED: December 15, 2011

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE